IN RE CUSTODY OF SHERRY LYNN HUFF AND ALLEN GRAY HUFF
AND
MYRTLE DAVIS HUFF, PLAINTIFF, v. HAROLD GRAY HUFF, DEFENDANT.

(Filed 1 November, 1967.)

**Divorce and Alimony §§ 18, 23—**

Findings supported by evidence that the husband had abandoned his wife and children without provocation or justification and had not made payments for their support since that date, and that the wife was a fit and suitable person to have the custody of the children and that it was to their best interest that she have their custody, *held* to support the court's order awarding the wife custody of the children and subsistence.

APPEAL by Harold Gray Huff from an order entered by *Johnston, Senior Resident Judge,* in chambers, on May 6, 1967, in causes pending in FORSYTH Superior Court.

Harold Gray Huff and Myrtle Davis Huff were married August 22, 1953. They have lived in a state of separation since January 16, 1967. Two children were born of their marriage, to wit, Sherry Lynn Huff, age eleven, and Allen Gray Huff, age eight. Custody of these children is involved in each of the following causes:

1. A *habeas corpus* proceeding under G.S. 17-39 instituted by Harold Huff.

2. An action for divorce from bed and board under G.S. 50-7 instituted by Myrtle Huff in which she prayed, *inter alia,* in accordance with G.S. 50-13 and G.S. 50-15, that, *pendente lite,* she be awarded custody of the children, an allowance for subsistence for herself and the children, and an allowance for counsel fees.

The respective pleadings of Harold Huff and of Myrtle Huff in these causes contain sharply conflicting allegations as to the causes and circumstances of their separation and as to facts pertinent to the award of custody of the children in a manner that will be for the children's best interests.

By consent, the causes were heard together. Judge Johnston, after consideration of the verified pleadings and other affidavits offered by Harold Huff and by Myrtle Huff, entered an order which, after recitals, provided:

"And it appearing to the court, and the court finds as a fact, . . . that Myrtle Davis Huff is a fit and proper person to have the care and custody of the aforesaid children born of the marriage of Myrtle Davis Huff and Harold Gray Huff; and that it is in the best interests of these children that the mother have custody of them; and that the defendant Harold Gray Huff abandoned his wife, Myrtle Davis Huff, on or about the 16th day of January, 1967, without provocation or justification, and has made no alimony or child support payments since that date; and that the defendant, Harold Gray Huff, is able-bodied and earning at least $100.00 per week.

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

"(1) That the plaintiff Myrtle Davis Huff be granted the care, custody and control of the children of the marriage of Harold Gray Huff and Myrtle Davis Huff, to wit: Sherry Lynn Huff and Allen Gray Huff; that such care, custody and control shall begin Saturday, May 6, 1967, at 10:00 A.M. at which time the defendant, Harold Gray Huff, shall release said children to the plaintiff, Myrtle Davis Huff, in the hall outside the big courtroom in the Forsyth County Courthouse in Winston-Salem, North Carolina; that the said Harold Gray Huff shall have visitation rights with said children from 9:00 A.M. till 6:00 P.M. on Saturday of each week hereafter.

"(2) That the defendant Harold Gray Huff shall pay to the plaintiff Myrtle Davis Huff the sum of $35.00 per week as alimony and child support. Said payments shall begin on Friday, May 12, 1967, and shall be made to the Domestic Relations Court of Forsyth County and shall be made on each and every Friday thereafter. That the defendant Harold Gray Huff shall pay to the plaintiff's attorney, William G. Pfefferkorn, the sum of $250.00 less a credit

of $100.00 which has already been paid. Said payment to be made by June 1, 1967."

Harold Huff excepted to the quoted findings of fact and to each of the provisions of the court's order.

*White, Crumpler, Powell & Pfefferkorn for plaintiff appellee.*
*Hayes and Hayes and W. Warren Sparrow for defendant appellant.*

PER CURIAM. The evidence offered in behalf of Harold Huff and that offered in behalf of Myrtle Huff was in sharp and irreconcilable conflict. The questions of fact were for determination by the court. There was ample evidence to support the court's findings of fact; and these findings provide ample support for the court's *pendente lite* order. Hence, the order of the court below is affirmed.

Affirmed.